UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

NATHAN WILSON, )
 )
        Plaintiff, ) Case No. 4:05-cv-82
 )
v. ) Honorable Robert Holmes Bell
 )
BILL OVERTON, )
 )
        Defendant. )
_____)

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and to pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.  Factual Allegations

Plaintiff is presently confined at the St. Louis Correctional Facility, but complains of events that occurred while he was incarcerated at the Riverside Correctional Facility. Plaintiff sues Bill Overton, the former Director of the Michigan Department of Corrections, in his official capacity.

On April 11, 2001, Plaintiff filed a legal malpractice suit in the Wayne County Circuit Court. The case was dismissed, and on April 18, 2002, Plaintiff filed a notice of appeal. The Michigan Court of Appeals issued an order on June 13, 2002, ordering Plaintiff to re-file his appeal and submit an initial partial filing fee within twenty-one days. On July 1, 2002, Plaintiff submitted institution disbursements for postage and the required initial partial filing fee to Range Unit Manager (RUM) Klein for processing and mailing. Plaintiff was transferred to the Bellamy Creek Correctional Facility on July 17, 2002. On July 30, 2002, Plaintiff received a letter from the Michigan Court of Appeals stating the Court had not received the initial partial filing fee within the time provided, and, therefore, Plaintiff had failed to perfect his appeal.

Plaintiff claims that Defendant Overton violated Plaintiff's First Amendment right of access to the courts and his Fourteenth Amendment right of equal protection by placing the responsibility for processing prisoners' legal documents on the RUMs without providing the RUMs with proper training. For relief, Plaintiff seeks monetary damages, the reinstatement of his appeal to the Michigan Court of Appeals, and in regard to his state criminal case, an order to conduct DNA tests.

II.     Exhaustion of Administrative Remedies

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies.  Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741.  A district court must enforce the exhaustion requirement *sua sponte*.  *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1]  *Brown*, 139 F.3d at 1104.  In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted.  *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).  In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court.  *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint.  The form complaint, which is required by local rule, is disseminated to all the prisons.  *See* W.D. MICH. LCIVR 5.6(a).  Plaintiff has chosen to forego use of the form complaint in this action.

individuals mentioned, in his grievance."). Plaintiff has not submitted copies of documents showing that he has exhausted his administrative remedies, and Plaintiff's complaint is silent on the exhaustion issue.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Generally, the Court would dismiss this action without prejudice. However, where a complaint fails to state a claim upon which relief can be granted, the court may dismiss the claim without first requiring the exhaustion of administrative remedies. *See* 42 U.S.C. § 1997(e)(c)(2); *Brown*, 139 F.3d 1103-04. Because Plaintiff's complaint fails to state a claim upon which relief can be granted, the Court will dismiss this action on that basis.

##### II.  Failure to State a Claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). The Court concludes that Plaintiff has failed to state a claim upon which

relief can be granted because Defendant Overton is immune from suit and the asserted claims are barred by the doctrine of claim preclusion.

A. Immunity

Plaintiff sues Defendant Overton in his official capacity as the Director of the Michigan Department of Corrections at the time of the alleged events. A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity; in this case, the Michigan Department of Corrections. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the Michigan Department of Corrections is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Michigan Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Michigan Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). In addition, the State of

Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Board of Regents*, 535 U.S. 613 (2002) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989)). Accordingly, Defendant Overton is immune from suit.

### B. Claim Preclusion

On December 19, 2002, Plaintiff filed a complaint in the Western District of Michigan initiating case number 1:02-cv-936. Plaintiff sued Bill Overton, RUM Klein and Warden Price. Based upon the same facts that he has alleged in the present case, Plaintiff claimed that Defendants violated his First Amendment right of access to the courts. The case was dismissed on January 7, 2003, under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief could be granted. The Sixth Circuit affirmed the decision on September 18, 2003.

The doctrine of claim preclusion, sometimes referred to as *res judicata*, provides that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies, with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented. *Heyliger v. State Univ. and Cmty. Coll. Sys. of Tenn.,* 126 F.3d 849, 852 (6th Cir.1997). In order to apply the doctrine of claim preclusion, the court must find that (1) the previous lawsuit ended in a final judgment on the merits ; (2) the previous lawsuit was between the same parties or their privies; and (3) the previous lawsuit involved the same claim or cause of action as the present case. *Allen, 449 U.S.* at 94; *accord Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

A dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits . *Pratt v. Ventas, Inc.,* 365 F.3d 514, 522 (6th Cir. 2004) (citing *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 399 n. 3 (1981)). Plaintiff's previous suit named Bill Overton as a defendant. With the exception of some minor and insignificant variations, Plaintiff's allegations in the present case are identical to his allegations in the previous case. Thus, all three of the requirements for applying claim preclusion to the present case have been met. Accordingly, Plaintiff's claims are absolutely barred, and this case must be dismissed.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Date:   September 7, 2005             /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              CHIEF UNITED STATES DISTRICT  JUDGE